Filed 8/25/20  P. v. Shorter CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B301955 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA054743) |
| v. | |
| ANTHONY SHORTER, | |
| Defendant and Appellant. | |

THE COURT:

In 2003, defendant and appellant Anthony Shorter was convicted of three counts of first degree burglary, three counts of receiving stolen property, and one count of theft.  Three prior serious felony allegations and "strike" allegations were also found true.  Defendant's total sentence was 90 years to life.  Defendant appealed the judgment, and we affirmed.  (*People v. Shorter* (July 7, 2005, B174700) [nonpub. opn.].)

On February 27, 2015, defendant filed a petition for recall and resentencing pursuant to Penal Code section 1170.18, subdivisions (a) and (f).[1]  The trial court granted his petition in part; his total prison sentence remained 90 years to life.  Defendant appealed, arguing that his theft conviction under section 484e, subdivision (d) [theft of access cards or account information], must be reduced to a misdemeanor pursuant to Proposition 47.  We rejected his argument and affirmed the judgment, concluding that section 484e did not fall within the scope of section 1170.18.  (*People v. Shorter* (Mar. 8, 2016, B263972) [nonpub. opn.].)

The California Supreme Court granted defendant's petition for review (S233177), and on August 16, 2017, the matter was transferred back to the Court of Appeal for reconsideration in light of *People v. Romanowski* (2017) 2 Cal.5th 903.

On September 27, 2017, we remanded defendant's case to the trial court to conduct an evidentiary hearing to determine the value of the stolen access card information and then to "determine if resentencing [defendant] would . . . pose an unreasonable risk to public safety."

On February 26, 2018, the trial court held a resentencing consideration hearing and reduced defendant's section 484e, subdivision (d), conviction to a misdemeanor.  In so ruling, the trial court noted that "the current sentencing as to counts 1 and 2 [and 6] and any other enhancements . . . are not affected by the appellate court opinion or the remittitur.  The only issue dealt

_____

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

with count 5," which was the section 484e, subdivision (d), offense.

"On September 30, 2018, the Governor signed Senate Bill 1393 which, effective January 1, 2019, amend[ed] sections 667[, subdivision] (a) and 1385[, subdivision] (b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. [Citation.]" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) The newly amended statutes prompted defendant to file a motion to strike or dismiss his prior serious felony enhancements pursuant to sections 667, subdivision (a)(1), and 1385.

The trial court summarily denied his motion on September 19, 2019, with a notation to "see previous denials."

Defendant timely filed a notice of appeal on October 21, 2019.

Counsel was appointed to represent defendant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. Counsel wrote to defendant, "explaining [his] evaluation of the record and [the] filing of the" brief that raised no arguable issues. He also provided defendant with "a copy of the brief and the transcripts and the record on appeal and . . . informed him of his right to file a supplemental brief to bring to the court's attention any issues that he believes may be addressed by this court."

On June 15, 2020, defendant filed a supplemental brief. Although largely illegible, it appears that defendant is claiming that because the trial court reduced his section 484e, subdivision (d), conviction to a misdemeanor, it was required to strike or

3

dismiss his prior serious felony enhancements pursuant to section 667, subdivision (a)(1).

We have examined the entire record[2] and we are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We are not convinced by the argument raised in defendant's supplemental brief. As noted in our prior opinions and by the trial court, defendant was convicted of several crimes; only his offense in count 5 was implicated in our prior decision, and the trial court only resentenced defendant on that one count. As the remainder of his sentence stands, so too do the enhancements.

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

ASHMANN-GERST, Acting P. J.    CHAVEZ, J.   HOFFSTADT, J.

---

[2]    We hereby grant defendant's request for judicial notice and have considered those documents as part of our independent review.

4